NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGEL HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>DET. E. MONTOYA, DET. JUDEH, DET. SGT. ESPOSITO, DET. MACOLINO, DET. SGT. HUNTINGTON, DET. E. GONZALEZ, et al.,<br><br>Defendants. | Civ. No. 16-4592 (KM/MAH)<br><br>OPINION & ORDER |

**KEVIN MCNULTY, U.S.D.J.:**

The plaintiff, Angel Hernandez, *pro se,* brings this action alleging that the defendants, all police officers, injured him by using excessive force in connection with his arrest. Now before the Court is the defendants' joint motion under Fed. R. Civ. P. 12(b)(6) to dismiss the Complaint for failure to state a claim upon which relief may be granted. (ECF no. 23) The plaintiff has filed a response (ECF no. 31), and the defendants have filed a reply (ECF no. 32). For the reasons that follow, the motion will be denied.

### I. BACKGROUND

The essential factual allegations of the Complaint ("Cplt.", ECF no. 1), taken as true for purposes of this motion, are as follows:

> On August 19, 2015 at approximately 2:30 pm Det. E. Gonzalez accompanied with Det. Montoya, Det. Sgt. Huntingtopn, Det. Judgeh, Def. Exposito, Det. Macolino of the Paterson, NJ police dept. and other officers that are currently unknown at the moment was conducting a narcotics investigative in the area of Chadwick St. and Weiss St. in Paterson, N.J. and immediately the officers jumped out of their vehicles chasing me by foot until Det.

1

> Montoya grabbed me and violently body slammed me on the concrete dislocating my arm hear a fence in front of a house near 610 Main St. in Paterson, N.J. While I was on the ground all officers mention above and other officers not yet known began kicking and punching me in the body and face and violently pulled and twist my dislocated arm behind my while trying to force handcuffs on me. I was immediately transported from the scne to St. Joseph hospital by Det/Sgt. Huntington and Det. Judeh for my injuries with the hospital bill totaling $8,098 for my injuries done by the officers (see attach hospital bill). As a result of the misconduct describe above, plaintiff experienced humiliation, emotional distress pain and suffering, including medical fees in connection to the physical injuries as a result of the conduct described in this complaint.

(Cplt. ¶ 6) The complaint seeks compensatory damages, punitive damages, attorney's fees, costs, and all other appropriate relief. (Cplt. ¶ 7)

## II. STANDARD OF REVIEW

FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss, a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) ("reasonable inferences" principle not undermined by later Supreme Court *Twombly* case, *infra*).

FED. R. CIV. P. 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a

speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' ... it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678 (2009).

Where, as here, the plaintiff is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. DISCUSSION

The defendants argue that the Complaint fails to meet the pleading requirements of *Twombly* and *Iqbal, supra*. I do not accept their argument that this complaint "is nothing more than a series of allegations that fail to imply "more than a mere possibility of misconduct." (Def. Br. 4) The plaintiff's allegations may be true, or they may not—that determination will come later. But as allegations they are perfectly clear. The plaintiff alleges that, at a particular time and place, certain named and unnamed police officers beat him, sending him to the hospital. No necessity or even provocation for the beating appears in the allegations of the complaint. Kicking, punching, arm-twisting—these are anything but "bald assertions" or "legal conclusions."

The defendants next point out that the Complaint erroneously cites the Fifth, Eighth, and Fourteenth Amendments as the basis for the excessive force claim. The Supreme Court has long held that such claims should be brought

under the constitutional provision that most specifically applies, rather than under a general due process standard. Thus, "*all* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other seizure of a free citizen should be analyzed under the Fourth Amendment and its reasonableness standard, rather than under a substantive due process approach." *Graham v. Connor,* 490 U.S. 386, 395 (1989). Given the plaintiff's *pro se* status, I will not require amendment, but will deem his claims to be brought under the Fourth Amendment.

Finally, the defendants claim qualified immunity. The qualified immunity analysis has two prongs: "first determine whether the facts, and inferences drawn therefrom, taken in the light most favorable to the plaintiff, establish that the official's conduct violated a constitutional right." *McGreevy v. Stroup,* 413 F.3d 359, 364 (3d Cir. 2005) (citing *Saucier v. Katz,* 533 U.S. 194, 201 (2001)). Second, the court must then "determine whether, as a legal matter, the right that the defendant's conduct allegedly violates was a clearly established one, about which a reasonable person would have known." *Gruenke v. Seip,* 225 F.3d 290, 298 (3d Cir. 2000).

When a qualified immunity issue is raised on a motion to dismiss, the Court is obligated to address it. "'[U]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery.'" *Thomas v. Independence Twp.,* 463 F.3d 285, 291 (3d Cir. 2006) (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S. Ct. 2806 (1985)). As *Thomas* implies, at the pleading stage such a clear violation need only be alleged, not proven. "The focus of the qualified immunity inquiry is on the allegations . . . ." *Estate of Lagano v. Bergen County Prosecutor's Office,* 769 F.3d 850, 859 (3d Cir. 2014). Nevertheless, qualified immunity may present factual issues that cannot be resolved at the motion to dismiss stage. This is such a case.

"For purposes of this motion," say defendants, "the Court must accept as true that Plaintiff was fleeing the scene of a narcotics investigation and

4

resisting an arrest." (Def. Br. 9 (citing Cplt. p. 7)) Hardly; that is defendants' version of the facts, not plaintiff's. The plaintiff alleges that the officers chased him, not that he was being arrested or that there was any basis for his arrest. And absent a sufficient basis to detain him, the plaintiff, like any citizen, was free to leave a scene where a narcotics investigation was going on.

Accepting *arguendo* that plaintiff intends to assert a Fourth Amendment claim, the defendants cite a "highly fact specific" test, involving some eight factors, in support of their claim of qualified immunity. (Def. Brf. 10, citing *Groman v. Twp. Of Malapan*, 47 F.3d 628, 634 (3d Cir. 1995) The elements of this fact-specific test cannot be met based on the allegations of the Complaint. Again, the defendants ask the court to accept their version of the facts, which the court, at this stage of the proceedings, cannot do.

Once again, defendants may at a later stage try to prove their version, and may even succeed. Now, however, contested issues of fact preclude dismissal.

Finally, defendants argue that any state tort claims must be dismissed because the plaintiff has failed to file a notice of tort claim as required by state law, *see* N.J. Stat. Ann. § 59:8-8, unless excused, *see* N.J. Stat. Ann. § 59:8-9. This contention, which depends on facts extrinsic to the complaint, may await summary judgment.

## ORDER

For the reasons expressed in the foregoing Opinion,

IT IS this 15th day of May, 2015,

ORDERED that the defendants' motion (ECF no. 23) to dismiss the complaint, pursuant to Rule 12(b)(6), is DENIED.

*/s/ Kevin McNulty*
**HON. KEVIN MCNULTY**
**United States District Judge**