# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**Chambers of**
**Michael A. Hammer**
United States Magistrate Judge

Martin Luther King Federal Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07101
(973) 776-7858

September 27, 2018

Angel Hernandez
1126241/SBI 474709C
Northern State Prison
168 Frontage
Newark, NJ 07114
Pro Se

All counsel of record

## LETTER OPINION AND ORDER

RE: **Angel Hernandez v. Montoya, et al**
**Civil Action No. 16-4592 (KM)(MAH)**

Dear Litigants:

Presently before the Court is Plaintiff pro se Angel Hernandez's second motion for appointment of pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1), D.E. 66. For the reasons set forth below, Plaintiff's application is **GRANTED.**

**Background**

Plaintiff, Angel Hernandez, filed this action on July 28, 2016, against multiple named and unnamed officers of the City of Paterson Police Department alleging multiple violations of his constitutional rights under 42 U.S.C. § 1983. Compl., D.E. 1. At the time Plaintiff filed the Complaint, he also applied to proceed in forma pauperis, which was granted by the Hon. Kevin McNulty on August 2, 2016. IFP Appl., D.E. 1-2; D.E. 2. On October 12, 2016, Defendants Gonzalez, Esposito, Huntington, Judeh, and Macolino moved to dismiss Plaintiff's Complaint and on May 5, 2017, the Court denied Defendants' motion. D.E. 23, 39. Defendant Montoya moved to dismiss Plaintiff's Complaint on October 10, 2016, which Judge McNulty also denied on May 17, 2017. D.E. 15, 41. On October 23, 2017, Plaintiff filed his first motion to appoint

pro bono counsel, which the Court denied on November 29, 2017. D.E. 57, 60.

Plaintiff filed a second motion to appoint pro bono counsel on May 16, 2018. D.E. 66. Plaintiff now argues that he "was unfairly prejudiced by being denied the appointment of counsel" and that it is "in the interest of justice" to grant his request for counsel. Specifically, he writes:

> Applicant is learning disabled, and his academic grade level is 3rd grade…Applicants [sic] test score/grade level is 3.9, therefore making the applicant incapable of understanding the legalese of law as it pertains to all aspects of law and his Civil filing…Applicant furthermore does not speak English, as his native language is Spanish.

Id. The instant motion contains two substantive changes: (1) inclusion of his scores on the Test of Adult Basic Education; and (2) the claim that Plaintiff does not speak English. Id.

Additionally, on April 4, 2018, this Court received a Letter from Plaintiff ("Rios Letter"), D.E. 64, which addressed the Court's denial of his first motion to appoint pro bono counsel. The Rios Letter begins with a statement from Roberto Rios, (1079803/SBI 706996-B), an inmate incarcerated alongside Plaintiff at South Woods State Prison. According to the Rios letter, Roberto Rios assisted in its drafting because "Mr. Hernandez seems to have a learning disability he really does not comprehend." Id. It continued, "I am aware that if any foregoing statements made by me are willfully false, I am subject to punishment by law" which was followed by Mr. Rios' signature. Id. It goes on to state that Plaintiff has "relied souly [sic] on the assitance [sic] of paralegals" and "all briefs and motions and missives are in fact done by others." Id. Finally, the Rios Letter addresses each of the Tabron factors and challenges the Court's observations in the denial of Plaintiff's first motion to appoint pro bono counsel. Id.

**Discussion**

In civil cases, neither the Constitution nor any statute gives civil litigants the right to appointed counsel. Parham v. Johnson, 126 F.3d 454, 456–57 (3d Cir. 1997). District courts, however, have broad discretion to determine whether appointment of counsel is appropriate under 28 U.S.C. § 1915(e). Montgomery v. Pinchack, 294 F.3d 492, 498 (3d Cir. 2002) (citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)). Appointment of counsel may be made at any point in the litigation, including sua sponte by the Court. Montgomery, 294 F.3d at 498 (citing Tabron, 6 F.3d at 156).

In the Third Circuit, the Court considers the framework established in Tabron. Montgomery, 294 F.3d at 498–99. Under the Tabron framework, the Court must first assess "whether the claimant's case has some arguable merit in fact and law." Montgomery, 294 F.3d at 499 (citing Tabron 6 F.3d at 155.) If the applicant's claim has some merit, the Court considers the following factors:

(1) the plaintiff's ability to present his or her own case;

(2) the complexity of the legal issues;

(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

(4) the amount a case is likely to turn on credibility determinations;

(5) whether the case will require the testimony of expert witnesses;

(6) whether the plaintiff can attain and afford counsel on his own behalf.

Parham, 126 F.3d at 457–58 (citing Tabron, 6 F.3d at 155–56, 157 n.5). This list is not exhaustive, but provides guideposts for the Court. Montgomery, 294 F.3d at 499 (citing Parham, 126 F.3d at 457). A court's decision to appoint counsel "must be made on a case-by-case basis." Tabron, 6 F.3d at 157–58. Also, the Court of Appeals of the Third Circuit has stated that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Montgomery, 294 F.3d at 499 (Parham, 126 F.3d at 458).

As a threshold matter, Plaintiff's case has merit sufficient for purposes of the Tabron analysis. A pro se plaintiff's complaint is held to a less stringent standard. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). Furthermore, "civil rights allegations are not meritless unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his or her claim." Piserchia v. Bergen County Police Dept., No. 12-2520, 2013 WL 4436183, at *2 (D.N.J. Aug. 15, 2013) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). Here, Plaintiff alleges that the Defendants used excessive force and utilized cruel and unusual punishment in violation of his Fifth, Eight, and Fourteenth Amendment rights. It remains to be seen whether Plaintiff can prove his claims. However, for the limited purpose of the Tabron analysis, the claims set forth a cognizable cause of action. Indeed, the sufficiency of the claims has been tested by two separate motions to dismiss, both of which failed. D.E. 15, 23, 39, 41.

The Court next must consider whether Plaintiff can present his own case. This factor weighs decidedly in Plaintiff's favor. When considering this factor, courts typically consider a plaintiff's "education, literacy, prior work experience, and prior litigation experience." Tabron, 6 F.3d at 156. If a plaintiff is incarcerated, courts will also consider any constraints that exist because of that confinement. Id. Plaintiff, through Mr. Rios, alleges that he has a learning disability. Although Plaintiff did not submit a diagnosis by a qualified person to support the learning-disability claim, he has submitted scores from the Test of Adult Basic Education ("TABE"). D.E. 66. According to the TABE, Plaintiff has a grade level equivalent of anywhere from a 2.7 to a 3.9. Id. Moreover, both the first motion to appoint pro bono counsel and the Rios Letter make clear that Plaintiff cannot comprehend the legal issues involved in this matter. D.E. 57, 64. Accordingly, Plaintiff's education level and comprehension skills weigh in favor of granting counsel. See Woodham v. Sayre Borough Police Department, 191 Fed. Appx. 111, 115 (3d Cir. 2006) (noting movant's grade 5.9 reading skill level and his trouble articulating weighed in favor of appointing counsel); Perez v. Hauck, No. 07-5685, 2008 WL 797054, at *4 (D.N.J. Mar. 20, 2008) (holding plaintiff's third grade education, in conjunction with his inability to

3

understand English, "indicate[s] to this Court that Plaintiff is unlikely to be capable of pursing his claims.").

Plaintiff also does not speak English, which requires him to obtain assistance from paralegals. D.E. 64. Comprehension of English is a subject properly considered under the first factor. Tabron, 6 F.3d at 156. Taking as true Plaintiff's assertions that he does not speak English and that all filings were written with the assistance of paralegals, his inability to comprehend and express himself in English weighs in favor of appointing counsel. Valdez v. Flax, No. 17-3848, 2018 WL 276906, at *4 (D.N.J. Jan. 3, 2018) (holding inability to understand and speak English renders a plaintiff incapable of pursuing claims, which tips scales in favor of appointing pro bono counsel); Perez, 2008 WL 797054, at *4 (same).

Additionally, Plaintiff has had issues with meeting deadlines because of his incarceration and has requested extensions as a result. See D.E. 34, 56. Moreover, it is evident he does not always have access to a computer or typewriter as some filings have been submitted handwritten while others have been typewritten. His incarceration has also caused issues with sending and delivering correspondence, with mail sometimes returned as undeliverable and his address often changing. D.E. 33, 36, 37, 45, 46, 55, 61, 67.

While Plaintiff has made filings and responded to motions, D.E. 5, 24, 29, 31, 34, 35, 36, 47, 55, 56, 57, this fact alone is not dispositive of Plaintiff's ability to present his case. Woodham, 191 Fed. Appx. at 115 ("[A] plaintiff's ability to file and respond to motions does not translate to an ability to present his own case.") (citing Parham, 126 F.3d at 459). Furthermore, Plaintiff now alleges that all documents filed with the Court have been done with the assistance of paralegals. Rios Letter, D.E. 64. For these reasons, this factor weighs in favor of appointment of counsel.

The Court must next consider the complexity of the claims. Complexity supports appointment "where the law is not clear, [as] it will often serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis." Tabron, 6 F.3d at 156 (quoting Macklin v. Freake, 650 F.2d 885, 889 (7th Cir. 1981)); accord Montgomery, 294 F.3d at 502-03. Courts also consider "the proof going towards the ultimate issue and the discovery issues involved." Parham, 126 F.3d at 459; see also Montgomery, 294 F.3d 502-03 (finding appointment appropriate when, despite simple legal issues, discovery and presentation difficulties compromised plaintiff's case). Furthermore, this factor should be considered in conjunction with evidence speaking to the plaintiff's capacity to present his own case. Montgomery, 294 F.3d at 502 (citing Tabron, 6 F.3d at 156). Courts have reached different conclusions regarding the complexity of excessive-force claims. This Court need not resolve that disparity here. Plaintiff's education level, language skills, and incarceration persuade the Court that absent appointment of counsel, he will be severely limited in his ability to present his own case. The Court's conclusion is buttressed by the fact that Plaintiff alleges claims against multiple officers. Piserchia, 2013 WL 4436183, at *3 (holding incarceration of plaintiff tips factor two in favor of appointing counsel due to impediments posed in the factual discovery process). Thus, this factor favors appointing counsel.

The Court must next consider the degree of factual investigation necessary and Plaintiff's ability to conduct it. In the renewed application, Plaintiff does not allege new facts or argument on this issue. Instead, Plaintiff reiterates the same arguments that he did in his first Motion to Appoint Pro Bono Counsel. The only relevant allegation made was in the Rios Letter. D.E. 64

4

("I'm encarcerated [sic] thus hampering my ability to pursue investigative measures."). This allegation is insufficient to tip this factor in Plaintiff's favor as the mere fact that an individual is incarcerated does not necessitate the appointment of counsel. See Montgomery, 294 F.3d at 503 ("This is not to say that counsel should be appointed in every potential meritorious claim by an indigent prisoner where some investigation may be required."); Al-Wahid Ali v. DOC, No. 08-2425, 2008 WL 4502052, at *3 (D.N.J. Sept. 29, 2008). However, the Court must allow that at least some factual investigation will necessary, insofar as an excessive-force allegation may be a fact-intensive inquiry. Therefore, this factor is neutral.

Fourth, it is too early for the Court to conclude that this case will turn on credibility determinations. Additionally, Plaintiff has not alleged any more facts in the instant motion which speak to this factor than he did in his first motion. Accordingly, this factor is neutral.

Fifth, there is no indication that any expert testimony will be required at trial. Plaintiff's allegations, that of Defendants' use of excessive force, have not changed since Plaintiff's first motion for pro bono counsel. Thus, the fifth factor weighs against appointing pro bono counsel.

Lastly, the sixth factor, whether Plaintiff can attain and afford counsel, remains the same as it did under Plaintiff's first motion and it weighs in favor of appointment of counsel.

Plaintiff's motion to appoint pro bono counsel meets most of the Tabron factors, and, therefore, the Court finds that appointment of pro bono counsel is appropriate at this time. Parham, 126 F.3d at 461 (finding appointment appropriate where most factors are met). For the reasons set forth above, the Court grants Plaintiff's motion to appoint pro bono counsel.

**Conclusion**

A balancing of the factors set forth above weighs in favor of granting Plaintiff's request for counsel. Therefore, Plaintiff's motion for the appointment of pro bono counsel, D.E. 66, is granted.

*s/ Michael A. Hammer*
**United States Magistrate Judge**