**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
Christopher E. Torkelson, Esq., Attorney ID#022961996
David P. Skand, Esq., Attorney ID#031671997
*Physical Address:* 2000 Lenox Drive, Suite 203, Lawrenceville, NJ 08648
*Mailing Address:* P.O. Box 5404, Princeton, NJ 08543
Telephone:   (609) 392-2100
Facsimile:    (609) 392-7956
*Attorneys for Plaintiff, Angel Hernandez*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGEL HERNANDEZ, | Civil Action No.: 2:16-cv-04592-KM-MAH |
| Plaintiff, | |
| v. | **DOCUMENT ELECTRONICALLY FILED** |
| DET. E. MONTOYA, DET. JUDEH, DET. SGT. ESPOSITO, DET. MACOLINO, DET. SGT. HUNTINGTON, DET. E. GONZALEZ, CITY OF PATERSON, NJ, et. al., | **AMENDED COMPLAINT** |
| Defendants. | |

Plaintiff, Angel Hernandez, by way of Complaint against the defendants, Det E. Montoya, Det. Judeh, Det. Sgt. Esposito, Det. Macolino, Det. Sgt. Huntington, and the City of Paterson, New Jersey, hereby states:

1.      Jurisdiction is asserted pursuant to 42 U.S.C. §1983.

## COUNT I

2.      Det. E. Montoya, employed by the Paterson Police Department, violated my 5th and 14th amendment rights to due process of law, including the right to be free from unjustified and excessive force utilized by police; and 8th amendment right to be free from cruel and unusual punishment.

3. Det. Sgt. Esposito of the Paterson Police Department violated my 5th and 14th amendment rights to due process of law, including the right to be free from unjustified and excessive force utilized by police; and 8th amendment right to be free from cruel and unusual punishment.

4. Det. Judeh of the Paterson Police Department violated my 5th and 14th amendment rights to due process of law, including the right to be free from unjustified and excessive force utilized by police; and 8th amendment right to be free from cruel and unusual punishment.

5. Det. Macolino of the Paterson Police Department violated my 5th and 14th amendment rights to due process of law, including the right to be free from unjustified and excessive force utilized by police; and 8th amendment right to be free from cruel and unusual punishment.

6. Det. Sgt. Huntington of the Paterson Police Department violated my 5th and 14th amendment rights to due process of law, including the right to be free from unjustified and excessive force utilized by police; and 8th amendment right to be free from cruel and unusual punishment.

7. All other unknown officers of the Paterson Police Department violated my 5th and 14th amendment rights to due process of law, including the right to be free from unjustified and excessive force utilized by police; and 8th amendment right to be free from cruel and unusual punishment.

8. On August 19, 2015, at approximately 2:30 p.m., Det. Montoya, Det. Sgt. Huntington, Det. Judeh, Det. Esposito, and Det. Macolino of the Paterson, New Jersey Police Department, and other officers that are currently unknown at the moment, was conducting a narcotics investigative in the area of Chadwick Street and Weiss Street in Paterson, New Jersey,

and immediately the officers jumped out of their vehicles chasing me by foot until Det. Montoya grabbed me and violently body slammed me on the concrete dislocating my arm near a fence in front of the house near 610 Main Street in Paterson, New Jersey. While I was on the ground, all officers mentioned above and other officers not yet known began kicking and punching me in the body and face and violently pulled and twisted my dislocated arm behind my while trying to force handcuffs on me. I was immediately transported from the scene to St. Joseph Hospital by Det. Sgt. Huntington and Det. Judeh for my injuries, with the hospital bill totaling $8,098.00 for my injuries done by the officers. As a result of the misconduct described above, plaintiff experienced humiliation, emotional distress, pain and suffering, including medical fees in connection to the physical injuries as a result of the conduct described in this complaint.

**WHEREFORE**, Plaintiff, Angel Hernandez, hereby demands judgment against Det E. Montoya, Det. Judeh, Det. Sgt. Esposito, Det. Macolino, and Det. Sgt. Huntington, including an award of compensatory damages, punitive damages, attorneys' fees pursuant to 42 U.S.C. § 1988, costs of the suit, and all other relief that is appropriate under the circumstances.

## COUNT II

*(42 U.S.C. § 1983 - Monell liability)*

1. Plaintiff, Angel Hernandez ("Plaintiff"), repeats and reiterates each allegation of the preceding count as if each were set forth at length herein.

2. Defendant, City of Paterson, New Jersey ("the City"), through the Paterson Police Department ("PPD"), employs all of the individually-named defendants identified in Count I.

3. As employees of the PPD, the City—by way of its Mayor, council, and Public Safety Director—is responsible for the training and supervision of the individually-named defendants.

4. The City had final policymaking authority with regard to establishing written policies and training programs governing the conduct of the Paterson police officers performing police functions on behalf of the City.

5. The City established and/or approved of the PPD's written policies and procedures, and the training, governing the conduct of PPD officers performing police functions.

6. The written policies and procedures, and training, established and/or approved of by the City, constituted the City's official policy, and was the moving force behind and caused Plaintiff's injuries.

7. The City had knowledge of the PPD's unconstitutional patterns and practices, and knowledge that the same gave rise to a risk of violations of citizens' federal rights.

8. The City has a long and well-documented history of failing to train its officers in the proper use of force, to meaningfully investigate misconduct, and to hold its police officers accountable. *See Colon v. City of Paterson, No. Civ. 12-1653 WJM, 2014 WL 4441503 (D.N.J. Sept. 9, 2014).*

9. There are numerous cases that have been filed in this District regarding the City's unlawful patterns and practices.

10. In fact, since the date of Plaintiff's arrest, a number of Paterson police officers have pleaded guilty to conspiring to violate individuals' civil rights, including using unreasonable and excessive force, and filing false police reports.

11. The City made a deliberate and/or conscious decision to disregard the known risk of harm that would result from the PPD's unconstitutional patterns and practices, and was deliberately indifferent to and/or tacitly authorized the same.

12. On or prior to August 19, 2015, the City, with deliberate indifference to the rights of arrestees, detainees, and the like, tolerated, permitted, failed to correct, promoted and/or ratified a number of customs, patterns or practices that failed to provide for the safety of arrestees, detainees, and the like, during arrest, including but not limited to, the handcuffing and restraint process.

13. On or prior to August 19, 2015, the City, with deliberate indifference to the rights of arrestees, detainees, and the like, tolerated, permitted, failed to correct, promoted and/or ratified a number of customs, patterns or practices that condoned and/or required officers to turn a blind eye to and to not intervene with, the use of excessive force by PPD officers.

14. On or prior to August 19, 2015, the City, with deliberate indifference to the rights of arrestees, detainees, and the like, tolerated, permitted, failed to correct, promoted and/or ratified a number of customs, patterns or practices that shall be further identified in discovery.

15. This participation by the City caused the individually-named officers to act with impunity and without fear of retribution.

16. The unconstitutional policies, practices, and customs described herein were the moving force behind Plaintiff's injuries.

17. Plaintiff was injured as a direct result of the acts and omissions of the City.

18. Furthermore, the City of Paterson was aware of similar unlawful conduct by PPD officers in the past, but failed to take necessary and reasonable precautions against future violations, and this failure was a proximate cause of Plaintiff's damages.

19. The City was aware of the PPD's predisposition to a custom, habit, or practice which resulted in the routine use of excessive force against individuals situated such as the Plaintiff, and was aware that continuation of the custom, habit, and/or practice of the PPD was

reasonably probable under the circumstances, and likely to cause future constitutional violations against individuals such as the Plaintiff.

20. Accordingly, the acts and omissions of the City were the direct and proximate cause of the injuries suffered by Plaintiff.

**WHEREFORE,** plaintiff, Angel Hernandez, hereby demands judgment against defendant City of Paterson, New Jersey, including an award of compensatory damages, punitive damages, attorneys' fees pursuant to 42 U.S.C. § 1988, costs of the suit, and such other and further relief as the court may deem appropriate.

## COUNT III

### *(42 U.S.C. § 1983 - Canton liability)*

1. Plaintiff repeats and reiterates each allegation contained in each of the foregoing counts as if each were set forth at length herein.

2. The City failed to properly train and/or modify its training for the individually-named defendants, and other officers, including but not limited to, matters related to the reasonable and appropriate use of force during arrests, and intervention in the excessive use of force by fellow officers.

3. Effectuating an arrest, using force to effectuate an arrest, and intervening in the use of force is a usual and recurring situation which PPD officers and other agents encounter on a regular basis.

4. The City was aware that its officers needed proper training regarding the use of force during an arrest, and was required to provide such training to its officers.

5. The City was aware that deprivation of the constitutional rights of its citizens was likely to result from its lack of training, and/or the failure to modify its training, regarding the use of force.

6. With deliberate indifference to the rights of its citizens, the City failed to provide adequate training to its officers regarding the use of force.

7. The City was deliberately indifferent and exhibited reckless disregard with respect to the potential violation of its citizens' constitutional rights.

8. The failure to train and/or appropriately modify training constituted official City policies, practices and customs.

9. The failure to train and/or appropriately modify training was behind the acts and omissions of the individually-named defendants during the arrest of the Plaintiff.

10. As a direct and proximate result of the City's acts and omissions, the Plaintiff suffered temporary and permanent injuries, and experienced and continues to experience, pain and suffering.

11. The PPD's training program was inadequate to train its employees to carry out their duties, resulting in the constitutional violations suffered by Plaintiff.

12. The City's failure to adequately train the individually named defendants amounted to deliberate indifference to the fact that its inaction would result in the violation of the plaintiff's constitutional rights.

13. The City's failure to adequately train the individually-named defendants proximately caused the violation of the plaintiff's rights.

14. Accordingly, the City is responsible for the damages caused by the violation of plaintiff's constitutional rights.

**WHEREFORE**, plaintiff, Angel Hernandez hereby demands judgment against defendant, City of Paterson, New Jersey, including an award of compensatory damages, punitive damages, attorneys' fees pursuant to 42 U.S.C. § 1988, cost of the suit, and all other relief that is appropriate under the circumstances.

## COUNT IV

1. Plaintiff repeats and reiterates each allegation of each of the foregoing counts as if each were set forth at length herein.

2. As set forth above, the City's training program was inadequate to train its employees to carry out their police duties, and the City also failed to adequately supervise its employees.

3. The City was aware that PPD officers would, on a routine basis, confront the situation described by Plaintiff, i.e., individuals fleeing the scene of a criminal investigation.

4. The City was aware that PPD officers, not properly trained or supervised, would, in this situation, frequently cause a deprivation of a citizen's constitutional rights.

5. Despite knowledge of these facts, the City failed to adequately supervise the PPD, and the individually-named defendants.

6. The City's failure to adequately supervise the PPD amounted to deliberate indifference to the fact that its inaction would result in the violation of plaintiff's constitutional rights.

7. The City's failure to adequately supervise the PPD and the individually-named defendants, proximately caused the violation of plaintiff's rights.

**WHEREFORE**, plaintiff, Angel Hernandez, hereby demands judgment against defendant, City of Paterson, New Jersey, including an award of compensatory damages, punitive damages,

attorneys' fees pursuant to 42 U.S.C. § 1988, cost of the suit, and all other relief that is appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues triable by a jury.

## CERTIFICATION OF OTHER ACTIONS

Pursuant to Local Civil Rule 11.2, I certify that the matter in controversy is not currently the subject of any other action pending in any court, or of any pending arbitration of administrative proceeding,

## DESIGNATION OF TRIAL COUNSEL

Christopher E. Torkelson is hereby designated as trial counsel.

        **ECKERT SEAMANS CHERIN & MELLOTT, LLC**
        Attorneys for Plaintiff,
        Angel Hernandez

        By: */s/ Christopher E. Torkelson*
          Christopher E. Torkelson, ID#022961996
          ctorkelson@eckertseamans.com
          David P. Skand, Esq., ID#031671997
          dskand@eckertseamans.com
          *Physical Address:* 2000 Lenox Drive
          Suite 203, Lawrenceville, NJ 08648
          *Mailing Address:* P.O. Box 5404
          Princeton, NJ 08543
          Telephone: (609) 392-2100
          Facsimile: (609) 392-7956

Dated: February 15, 2022