UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGEL HERNANDEZ<br><br>**Plaintiff,**<br><br>v.<br><br>DET. E. MONTOYA, DET. JUDEH, DET. SGT. ESPOSITO, DET. MACOLINO, DET. SGT. HUNTINGTON, DET. E. GONZALEZ, CITY OF PATERSON, NJ, et. al.,<br><br>**Defendants.** | Civ. No. 16-04592 (KM) (MAH)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

    Plaintiff Angel Hernandez initiated this action in July 2016 against multiple officers of the Paterson, New Jersey police department, seeking damages under 42 U.S.C. § 1983. (DE 1.)[1] Hernandez alleged in the complaint that the officers used excessive force against him while executing his arrest. (Compl. ¶6.) Some six years after filing the complaint, in February 2022,

---

[1]     Certain key items from the record will be abbreviated as follows:

| | | |
|---|---|---|
| DE | = | Docket entry number in this case |
| Compl. | = | Original complaint (DE 1) |
| Am. Compl. | = | Amended complaint (DE 117) |
| Mot. | = | City of Paterson's memorandum of law in support of its motion to dismiss the amended complaint (DE 120) |
| Opp. | = | Hernandez's memorandum law in opposition to the City of Paterson's motion to dismiss the amended complaint (DE 125) |

1

Hernandez filed an amended complaint that joins the City of Paterson ("the City") as a defendant. (DE 117.) The City's motion to dismiss (DE 120) is now before the Court. Because I conclude that Hernandez's claims against the City are barred by the applicable statute of limitations, the motion to dismiss is **GRANTED**.

## I. BACKGROUND

The allegations set forth in the amended complaint regarding the incident in which the officers allegedly used excessive force against Hernandez are identical to those set forth in the original complaint. To summarize, the amended complaint alleges that, at 2:30 P.M. on August 19, 2015, the defendant police officers and other unnamed officers were conducting a narcotics investigation when they suddenly exited their vehicles and began chasing Hernandez by foot. (Am. Compl. Count I, ¶8.) One officer grabbed Hernandez and "violently body slammed" him on the concrete, dislocating his arm. (Id.) Other officers then started "kicking and punching" him while he was on the ground, and "violently pulled" his dislocated arm behind him while forcing him into handcuffs. (Id.) He was transported from the scene to the hospital, where he was treated for his injuries. (Id.) The hospital bill totaled $8,098. (Id.)

Based on these allegations, Hernandez asserted in Count I of both the original and amended complaint that the defendant police officers violated his Fifth and Fourteenth Amendment rights to due process of law, "including the right to be free from unjustified and excessive force utilized by the police," and his Eighth Amendment right to be free from cruel and unusual punishment. (Compl. ¶4; Am. Compl. Count I, ¶¶2-7.) In October 2016, long before the City was joined as a party, the defendant police officers moved to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (DE 23.) I denied the motion in May 2017 (DE 39), and the case has continued to progress, albeit slowly, since that time.

In October 2017, Hernandez filed a motion for the appointment of pro bono counsel (DE 57), which the Court denied (DE 60). Hernandez filed a second application for pro bono counsel in May 2018 (DE 66), after a friend, Roberto Rios, helped him write a letter to the Court explaining that he cannot present his case on his own due to his learning disability and third-grade education. (DE 64). The Court granted his second application in September 2018 (DE 68), and pro bono counsel was assigned in July 2019. (DE 74.)

Nearly three years later, on February 15, 2022, Hernandez filed the amended complaint presently at issue. (DE 117.) The amended complaint joins the City of Paterson as a defendant and asserts three new causes of action under 42 U.S.C. § 1983 solely against the City. Count II of the amended complaint asserts *Monell* liability against the City based on its written policies and procedures, which Hernandez alleges were "the moving force behind and caused" his injuries; Count III asserts *Canton* liability based on the City's failure to adequately train its officers regarding the use of force; and Count IV raises a claim based on the City's failure to adequately supervise its officers.

The City filed its motion to dismiss on March 7, 2022. (DE 120.) The basis for the motion is twofold: The City contends that the amended complaint fails to state a claim upon which relief can be granted and should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), and also that the applicable two-year statute of limitations has expired. (Mot. 1.) Hernandez, through counsel, filed a brief in opposition on April 4, 2022. (DE 125.) First, Hernandez argues that this court rejected the same arguments regarding the facial invalidity of the complaint when denying the prior motion to dismiss of the defendant police officers. (Opp. 4.) Second, he argues that the statute of limitations does not bar the action against the City because there is a basis for equitably tolling the statute of limitations, or for finding that Hernandez substantially complied with the statute of limitations. (Opp. 10-11.) The City filed its reply brief on April 11, 2022, solely addressing the issue of the statute of limitations. (DE 127.)

## II. DISCUSSION

### A. Failure to state claim

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Sci. Prods., Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n.9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trs. Thereof v. Tishman Constr. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

Under the Federal Rules, a complaint need not contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also West Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

The City makes several distinct arguments as to why the amended complaint should be dismissed under Rule 12(b)(6). These arguments are identical to those offered by the defendant police officers in their motion to dismiss, which I denied. For the same reasons I rejected the arguments when the defendant police officers made them, I reject them now.

To start, the City argues that the amended complaint "constitutes nothing more than a series of legal conclusions couched as factual allegations

4

of misconduct." (Mot. 4.) I disagree. As I said in my opinion denying the officers' motion to dismiss, the allegations that certain police officers beat Hernandez, sending him to the hospital, are "anything but 'bald assertions' or 'legal conclusions.'" *Hernandez v. Montoya*, No. 16-4592, 2017 WL 2113136, at *2 (D.N.J. May 15, 2017) ("Op.").

As for the allegations that the City is legally responsible for the officers' excessive use of force—whether via its failure to adequately train or supervise its officers, or as a result of its official policies—the City does not argue that the complaint substantively falls short. In fact, the City's motion only briefly mentions the three counts of the amended complaint that are actually directed at it, and does so only in the background section. Because the City failed to offer any arguments regarding the sufficiency of the allegations put forth to support these claims, and because I find that, in any event, the claims are time-barred and must be dismissed, *see* Section II.B, *supra*, I decline to consider the facial validity of the claims directed against the City.

Separately, the City argues that Hernandez is not entitled to relief on the constitutional claims asserted in Count I because they are not appropriately pled. The City contends that Hernandez lacks standing to pursue an Eighth Amendment claim because he was not criminally charged, incarcerated, or otherwise in state custody at the time of the alleged excessive force incident. Mot. 8.) With respect to the Fifth and Fourteenth Amendment claims, the City maintains that Supreme Court precedent requires that all excessive force claims be analyzed under the Fourth Amendment's reasonableness standard, rather than under a substantive due process approach. (Mot. 7.)

In my opinion denying the defendant police officers' motion to dismiss, I explained that, given Hernandez's *pro se* status, I would not require amendment and would instead deem his excessive force claims to be brought under the Fourth Amendment. *See* Op. at *2. Although Hernandez was no longer *pro se* at the time he filed the amended complaint, the Court granted leave to amend the complaint solely to join the City as a party defendant. (DE

113.) Hernandez's failure to amend the claims brought against the defendant police officers to appropriately label them as Fourth Amendment claims is therefore excused.

Finally, the City argues that, to the extent that the amended complaint can be read to assert Fourth Amendment claims, it fails to do so because it does not show that the officers' actions were unreasonable in light of the circumstances. (Mot. 11.) The City relies on numerous facts that the amended complaint does not contain, such as that Hernandez was in a residential neighborhood on a homeowner's property at the time of the alleged incident, and that he was "fleeing the scene" and "resisting arrest." (Id.) As I said in my earlier opinion, "the defendants ask the court to accept their version of the facts, which the court, at this stage of the proceedings, cannot do." Op. at *3. Considering the facts alleged in the complaint, and *only* those facts, the complaint continues to state a claim that the officers violated the Fourth Amendment.

### B. Statute of limitations

Rule 12(b) of the Federal Rules of Civil Procedure does not include a statute of limitations defense as one of the enumerated defenses that may be asserted by motion, rather than in an answer. *See* Fed. R. Civ. P. 12(b). Nevertheless, in this Circuit, a limitations defense may be raised by a motion under Rule 12(b)(6) if "'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002), quoting *Hanna v. U.S. Veterans' Admin. Hosp.,* 514 F.2d 1092, 1094 (3d Cir. 1975). In other words, the time bar must be apparent "'on the face of the complaint.'" *Robinson, supra,* quoting *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978).

The City correctly points out that Hernandez's claims, all brought under 42 U.S.C. § 1983, are subject to a two-year statute of limitations. (Mot. 5.) "Section 1983 has no statute of limitations of its own, but borrows the statute of limitations from state personal-injury torts." *Nguyen v. Pennsylvania*, 906

6

F.3d 271, 273 (3d Cir. 2018), citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Thus, "[t]he length of the statute of limitations for a § 1983 claim is governed by the personal injury tort law of the state where the cause of action arose." *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009), citing *Kato, supra*. Personal injury torts in New Jersey, where the alleged excessive force incident occurred, have a two-year statute of limitations. *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010).

Federal law, on the other hand, governs the issue of when a § 1983 claim accrues such that the statute of limitations begins to run. *See Dique*, 603 F. 3d at 185. Under federal law, a cause of action accrues "when the plaintiff knew or should have known of the injury upon which its action is based." *Kach*, 589 F.3d at 634, quoting *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998). Here, Hernandez was aware, or reasonably should have been aware, of his injury on August 19, 2015, when he was allegedly assaulted by the defendant police officers and treated at the hospital. His causes of action thus accrued on that date, and the two-year statute of limitations expired on August 19, 2017.[2]

Because it is apparent on the face of the complaint that Hernandez brought his claims against the City more than four years after the statute of limitations had expired, the City properly raises this defense in its motion to dismiss. I will therefore turn to Hernandez's arguments in response.

    i.    **Equitable tolling**

Although federal law governs when a § 1983 claim accrues, the general rule is that state tolling principles apply to § 1983 claims. *See Kach*, 589 F.3d at 639. The question is thus whether the New Jersey doctrine of equitable tolling may be applied in the circumstances here.

---

[2] Even if Hernandez was not aware of the full of extent of his injuries on August 19, 2015, the cause of action still accrued on that date. A cause of action accrues when a party first becomes aware of his or her injury, "even though the full extent of the injury is not then known or predictable." *See Kach*, 589 F.3d at 635.

7

"Equitable tolling affords relief from inflexible, harsh or unfair application of a statute of limitations, but it requires the exercise of reasonable insight and diligence by a person seeking its protection." *Villalobos v. Fava*, 342 N.J. Super. 38, 52 (App. Div. 2001). The doctrine applies "'only in narrowly defined circumstances.'" *Fahey v. Hollywood Bicycle Center, Inc.*, No. 08-3573, 2009 WL 749856, at *4 (D.N.J. Mar. 18, 2009), quoting *R.A.C. v. P.J.S., Jr.*, 192 N.J. 81, 107 (N.J. 2007). "Specifically, New Jersey courts have found the doctrine of equitable tolling to apply in the following situations: (1) 'where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass;' (2) 'where a plaintiff has in some extraordinary way been prevented from asserting his rights;' and (3) 'where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum.'" *Fahey*, *supra*, quoting *Freeman v. State*, 347 N.J. Super. 11, 31 (App. Div. 2002). "[A]bsent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." *Freeman*, 347 N.J. Super. at 31.

Hernandez maintains that the following circumstances prevented him from asserting a timely claim against the City: he has a learning disability and only a third-grade education; he was incarcerated and had difficulty accessing the law library due to his injury, surgery, and subsequent relocation by the Department of Corrections; and he cannot speak or read in English (Spanish being his native language). (Opp. 8.) He stresses that his limited abilities made it impossible for him to understand the complex elements of *Canton* and *Monell* claims, and by the time the Court appointed pro bono counsel for him, the statute of limitations had already expired. (Opp. 9.)

While I am sympathetic to the challenges Hernandez faced, they are not "extraordinary" and do not warrant the application of equitable tolling. Despite these challenges, Hernandez managed to submit cogent filings in 2016 and 2017, including an opposition brief to the defendant police officers' motion to

8

dismiss. (DE 31.) In the letter submitted by Roberto Rios in 2018, Rios explained that Hernandez has relied on others to help him with his filings because he does not understand the legal issues. (DE 64.) The letter makes clear, however, that help was continually made available to Hernandez, and that Hernandez availed himself of it.

Moreover, Hernandez did not ask the Court to appoint him pro bono counsel until October 23, 2017—more than a year after he filed the original complaint and several months after the statute of limitations expired. (DE 57.) After an initial rejection, followed by a better explanation of Hernandez's circumstances, pro bono counsel was finally appointed on July 12, 2019. (DE 74) Hernandez, now represented by counsel, did not bring his claims against the City until two-and-a-half years later, on February 15, 2022. (DE 117.)

Hernandez asserts that the COVID-19 restrictions in his correctional facility made it difficult for counsel to meet with Hernandez and take his deposition. (Opp. 8.) But counsel was appointed more than eight months before the pandemic resulted in restrictions at correctional facilities across the country. Nor does it appear that adding the City as a defendant required a deposition of Hernandez. I therefore conclude that Hernandez has not demonstrated the requisite diligence to justify equitable tolling, even if his circumstances could be deemed sufficiently "extraordinary."[3]

Hernandez stresses that equitable tolling should apply here because it would not result in any prejudice to the City. He points in particular to the fact that the City's own attorney represented the defendant police officers for a period of time at the outset of the case, and asks Court to conclude that the City has thus been involved in and aware of this action since the original complaint was filed. (Mot. 9.) The absence of prejudice, however, is not an

---

[3] Nor does Hernandez's attorney's lack of diligence, if any, give rise to a situation where equitable tolling applies. "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001).

9

independent basis for invoking the doctrine of equitable tolling. Rather, as the Supreme Court has explained, "the absence of prejudice is 'a factor to be considered in determining whether the doctrine of equitable tolling should apply *once a factor that might justify such tolling is identified.*'" *Menominee Indian Tribe of Wisconsin v. U.S.*, 577 U.S. 250, 259 n.5 (2016), quoting *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984). Because Hernandez has not identified a factor that would justify equitable tolling, I need not evaluate whether the City would be prejudiced by its application.

### ii. Substantial compliance

"The doctrine of substantial compliance is invoked to avoid defeat of valid claims on technical grounds." *Schmidt v. Celgene Corp.*, 425 N.J. Super. 600, 610 (App. Div. 2012). "The party seeking relief must demonstrate: (1) lack of prejudice to the defending party; (2) a series of steps taken to comply with the statute involved; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of [the party's] claim; and (5) a reasonable explanation why there was not strict compliance with the statute." *Id.*, citing *Negron v. Llarena*, 716 A.2d 1158, 1163 (N.J. 1998).

In the context of a statute of limitations, New Jersey courts have applied the doctrine of substantial compliance where the defendant was made aware during the limitations period that a claim against it was impending, but the claim was not successfully brought within that period because of a technical defect or for some other justifiable reason. *See Negron, supra* (finding plaintiff had substantially complied with statute of limitations where she filed complaint against defendants in federal court within the statute of limitations based on a colorable claim of diversity jurisdiction, the case was nevertheless dismissed for lack of diversity jurisdiction, and she immediately filed complaint in state court); *Estate of Vida ex rel. Kesciova v. City of Garfield*, 330 N.J. Super. 225, 230-31 (App. Div. 2000) (finding plaintiff had substantially complied with statute of limitations where defense was informed of existence and nature of claims against it before limitations period expired and plaintiff had reasonable

excuse for not discovering identity of defendant sooner); *Constantino v. City of Atlantic City, et. al,* No. 13-6667, 2014 WL 6474076, at *7 (D.N.J. Nov. 19, 2014) (finding plaintiff had substantially complied with statute of limitations where she served defendant with complaint within limitations period and she was under good faith mistaken belief that doing so would toll the statute).

In this case, the City was not aware that Hernandez planned to bring a claim against it until long after the statute of limitations expired. Hernandez also did not attempt, but somehow fail, to bring a claim against the City within the limitations period. I therefore cannot conclude that Hernandez took "a series of steps to comply" with the statute of limitations, or that Hernandez gave the City reasonable notice of its claim. At bottom, the fact that the City was aware that Hernandez had sued several of its police officers did not put the City on notice that Hernandez would sue the City itself. Accordingly, the doctrine of substantial compliance does not apply in this context.

### III.   CONCLUSION

The motion to dismiss (DE 120) the amended complaint as against the City of Paterson only is **GRANTED** because it is barred by the statute of limitations. An appropriate order accompanies this opinion.

Dated:  October 20, 2022

/s/ Kevin McNulty

_____
**KEVIN MCNULTY**
**United States District Judge**